## SANDERS v. PAN-AMERICAN LIFE INS. CO.

No. 5866.

Circuit Court of Appeals, Fifth Circuit.

Oct. 29, 1930.

**374**

Thos. F. Green, of Athens, Ga., and Z. B. Rogers, of Elberton, Ga. (Green & Michael, of Athens, Ga., on the brief), for appellant.

William L. Erwin and Hubert M. Rylee, both of Athens, Ga. (Erwin, Erwin & Nix, of Athens, Ga., on the brief), for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

By the decree appealed from a security deed of land was foreclosed in equity as a mortgage, and the lien of the secured debt was adjudged to be superior to the lien of a subsequent judgment.

In 1921 L. O. Reid, the then owner of the land, conveyed it to the John Hancock Mutual Life Insurance Company to secure a loan of $3,500; and in 1922 he conveyed the land subject to that security deed to his wife, Martha Reid, the consideration being love and affection. In 1923 Sanders, the appellant, recovered a judgment against L. O. Reid, upon which execution was issued, and in August, 1924, he filed a suit in the state court to set aside Reid's deed to his wife, on the ground that it was fraudulent as to creditors. In September, 1924, Martha Reid applied to the Pan-American Life Insurance Company for a loan of $3,500, representing in the application that the loan was desired for the purpose of paying off an existing loan, which was shown by the evidence to be the loan made by the Hancock Company. Martha Reid also represented in her application that the loan she was seeking would be a first lien upon the land. Pursuant to this application, the Pan-American Company made the loan without knowledge either of the judgment held by Sanders or of the suit brought by him to set aside the decree from Reid to his wife. This second loan was handled through John H. Davis, an attorney, who testified that he examined the title to the land and found that it was unincumbered except by the security deed to the Hancock Company. Davis represented Martha Reid, although apparently the Pan-American company relied on his opinion as to title. Davis paid the amount of the second loan to the John Hancock Company, which at his request executed and delivered to him an assignment, without recourse, of its security deed to the Pan-American Company. The last-named company, after it discovered the lien which Sanders held, filed a bill, to which Sanders was made a party defendant, praying for foreclosure, and that it be subrogated to or be permitted to assert the original rights of the Hancock Company under the first deed.

Sanders insists on this appeal that his judgment lien was entitled to preference over the Hancock Company lien because the latter had been discharged by payment, and over the lien of the Pan-American Company's security deed because that deed was subsequent in time to the recordation of his judgment and to his suit to set aside the deed from Reid to his wife, of both of which judgment and suit the Pan-American Company had constructive notice.

There was a valid existing lien held by the Hancock Company at the time Sanders obtained his judgment, and that prior lien was not affected as a result of the execution of the deed from Reid to his wife. The loan made by the Pan-American Company was used as it was intended to be for the purpose of discharging the pre-existing and first lien of the Hancock Company. It follows that appellant was not injured by the mistaken belief of the Pan-American Company that Martha Reid had a clear title. Under practically similar circumstances the Supreme Court of Georgia, the state in which the land involved lies, has held that the right of subrogation exists. Merchants' & Mechanics' Bank v. Tillman, 106 Ga. 55, 31 S. E. 794; Wilkins v. Gibson, 113 Ga. 31, 38 S. E. 374, 382, 84 Am. St. Rep. 204. In the latter case it is held that an agreement to give a first lien on property is in effect "an agreement that the second creditor was to be subrogated to the rights of the creditor whose debt had

been discharged with the money advanced." The doctrine of equitable assignment rather than that of subrogation is invoked in other cases. 41 C. J. 677, 678; Wilson v. Kimball, 27 N. H. 300; Nestor v. Davis, 100 Miss. 199, 56 So. 347. Under either theory the equities of the case are all with the Pan-American Company, and are not made unavailable to it because of the extremely technical contentions of the appellant.

The decree is affirmed.